[Civ. No. 4445. Third Appellate District.—December 17, 1931.]

WILSHIRE BOULEVARD CONGREGATIONAL CHURCH OF LOS ANGELES (a Corporation), Respondent, v. FRANK DYER, Appellant.

Botsford, Hurtt & Schumacher and Frank G. Tyrrell for Appellant.

Geo. S. Beebe and Schweitzer & Hutton for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action to cancel a contract of employment of the defendant as pastor of the above-named church, from which judgment the defendant appeals.

The record shows that pursuant to a vote of the members of said church the plaintiff and defendant, on the twenty-eighth day of July, 1925, entered into an agreement whereby the plaintiff retained the services of the defendant as pastor of the Wilshire Boulevard Congregational Church, for the period of ten years succeeding, at a salary of $7,500 per year. The complaint sets forth a number of grounds for the cancellation of the agreement just mentioned, and also that the board of trustees of the plaintiff, prior to the beginning of this action, passed a resolution purporting to cancel said agreement and to dispense with the services of the defendant as pastor of said church. The prayer of the complaint is to the effect that if said resolution be held ineffective, that the agreement be canceled for the reasons set forth therein. A supplemental and amended complaint was also filed in the action setting forth additional grounds for the cancellation of the agreement.

The action is brought to us upon the judgment-roll alone and if any of the findings of the trial court are sufficient

to sustain the judgment, our inquiry is at an end. This is true even though some of the findings may be subject to the objections urged by the appellant that the facts found are solely and exclusively within the jurisdiction of ecclesiastical authorities. We do not need to cite authorities to support the statement that where an appeal is from the judgment-roll alone, it will be presumed that the testimony sufficiently supports the findings of the trial court.

This cause was before the appellate court in and for the Second Appellate District where practically all the questions necessary for our consideration in the determination of this case were passed upon, and after being decided, hearing in the Supreme Court was denied. (See opinion in the case of *Dyer* v. *Superior Court*, 94 Cal. App. 260 [271 Pac. 113].)

Without extending the length of this opinion by copious quotations therefrom, we refer to pages 268 and 269 of the above-mentioned case, as reported in 94 Cal. App., for a full and complete statement of the law relative to the power of courts in actions such as this, and of the full faith and credit to be given to the action of the ecclesiastical tribunal having power to pass upon the status of the pastor of a Congregational Church, and to withdraw fellowship from anyone purporting to act in such capacity, and to take away his character, designation and ecclesiastical standing as a pastor in a Congregational denomination, and likewise, the effect thereof.

In the case to which we have just referred, it was held that the trial court had jurisdiction to make and file the findings to which we hereinafter refer as sufficient to support the judgment. ▬ The allegations of the pleadings found by the trial court to be true, and constituting, therefore, one of the findings, are as follows: "That on May, 1928, upon charges duly and regularly preferred charging Frank Dyer with conduct unbecoming a Congregational minister, a special meeting of the Los Angeles Association of Congregational Churches and ministers was duly and regularly called to be convened at the Mt. Hollywood Congregational Church in the City of Los Angeles, California, June 7, 1928, at the hour of 10 o'clock a. m., for consideration of said charges, and notice of the time and place of said meeting, together with a copy of said charges was duly and regularly served upon, and received by the said Frank Dyer, not less than

seven days prior to June 7, 1928; that at said meeting duly and regularly called and held the association, after full and complete hearing of said charges, by a vote of 107 to 1, withdrew the fellowship of said Association from said Frank Dyer, and then and there took from said Dyer his standing as a Congregational minister, and terminated his ministerial character. That there is no appeal from the action of said Association, and said action is final and is still in full force and effect.'' Finding IX of the trial court is as follows: ''That since the commencement of this action said defendant Frank Dyer, has organized and is now conducting in the edifice of the Wilshire Boulevard Congregational Church, a super-denominational church not in fellowship with the Los Angeles Association of Congregational Churches, or any other Congregational Society, known as the American Church, to the exclusion of the said Wilshire Boulevard Congregational Church and its members, and ever since the organization of said American Church, said defendant has been acting as its minister, and has ceased to act as the pastor or minister of the Wilshire Boulevard Congregational Church, or to perform any of the functions of pastor of said last named church.''

In support of these findings it must be presumed that they are amply supported by the evidence showing the action of the ecclesiastical council, and also the finality of such action which dispossesses the defendant of his character and standing as a pastor of the Congregational Church. That the trial court had a legal right to make these findings and base its judgment thereon is conclusively established in this case by the authorities cited in the opinion in the case of *Dyer* v. *Superior Court, supra,* and the reasoning of the court in the language there used.

It having been heretofore held and established as the law in this case that the trial court had jurisdiction to make the findings which we have quoted, which findings are amply sufficient to support the judgment, and as they do not involve any ecclesiastical determinations, it necessarily follows that the judgment of the trial court must be affirmed. And it is so ordered.

Thompson (R. L.), J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1932.